Case: 6:05-cv-00183-GWU Doc #: 23 Filed: 02/23/06 Page: 1 of 8 - Page ID#: 103

Eastern District of Kentucky
FILED
FEB 23 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-183-GWU

GERI BENNETT, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Geri Bennett brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

 the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

 In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Id</u>.

 One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Bennett, a 48 year-old former sewing factory worker with a high school equivalent education, suffered from impairments related to degenerative disc disease, complaints of back pain, lumbar strain, cervical strain and obesity. (Tr. 13, 16). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a medium level work. (Tr. 18). Since the claimant would be able to return to her past relevant work, she could not be considered totally disabled. (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of DIB. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Bennett argues that the ALJ erred in rejecting the opinion of Dr. Tun Nyunt, a treating source. Dr. Nyunt indicated in a November, 2004 letter that the

5

plaintiff, who had been a patient at his office since August of 2003, would no longer be able to perform her regular job effectively due to her medical problems. (Tr. 117). If this opinion were binding, the claimant's past work would not be available. The ALJ rejected this opinion because it was unsupported by any accompanying treatment notes from the physician. (Tr. 15-16). The plaintiff argues that even if this action were appropriate, the ALJ had, as part of his duty to develop the record, an obligation to recontact the physician to seek clarification, if the ALJ found the opinion to be inadequate. The undersigned agrees with the claimant's assertion.

The administrative regulations provide that the administration does have an affirmative duty to recontact physicians for clarification under certain circumstances when an inadequate opinion has been issued by an treating medical source.

> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report does not contain all the necessary information, or does not appear to be based upon medically acceptable clinical or laboratory diagnostic techniques.

20 C.F.R. Section 404.1512(e)(1). Sixth Circuit case law is quite sparse on this point. However, in the unpublished opinion of Littlepage v. Chater, 1998 U.S. App. Lexis 688 (6th Cir., January 14, 1998), the Sixth Circuit Court of Appeals indicated that this duty to recontact the treating source would be triggered unless it was apparent from the record that all of the treatment notes and information upon which the physician's opinion had been based were of record. In the present action, Dr. Nyunt does indicate that he relied upon a March, 2004 medical assessment from his colleague, Dr. Pat Doncaster, which was not included in the current record. (Tr. 117). Furthermore, the Court notes that the

6

Sixth Circuit Court of Appeals has recently emphasized the need for administrative agencies to follow their own procedures. In <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541 (6th Cir. 2004), the Court reversed and remanded the action to the Commissioner when the ALJ failed to follow administrative regulations requiring that the reasons for rejecting the opinion of a treating source be explicitly discussed in the decision. Such action was said to be required even if the decision were otherwise supported by substantial evidence. <u>Wilson</u>, 378 F.3d at 546. Thus, the ALJ would appear to have had a duty to recontact Dr. Nyunt for clarification if she believed that his opinion was not adequately supported.

The defendant asserts that the administrative regulations at 20 C.F.R. Section 404.1512(c) impose the burden of providing a complete record solely upon the plaintiff. This section states that the claimant must provide medical evidence demonstrating her impairments and and how they affect her condition during the relevant time period. Thus, the plaintiff had the burden of obtaining any additional records required to prove her claim. However, such an interpretation of this Section would completely nullify Section 404.1512(e)(1) which obviously must mean something. The Tenth Circuit Court of Appeals noted that "the regulations do not burden the claimant with any additional obligation in this regard once the record is deemed inadequate." <u>White v. Barnhart</u>, 287 F.3d 903, 909 (10 Cir. 2002). Thus, after the plaintiff has provided a medical opinion from a treating source which the ALJ deems "inadequate," a recontact duty on the part of the ALJ is triggered. Furthermore, the Ninth Circuit Court of Appeals recently noted that Section 404.1512(e)(1) imposes a special duty upon the administration to develop the record in Social Security cases when a treating physician's records have been found incomplete.

7

Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005). Therefore, the Court must reject the defendant's argument.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 23 day of February, 2006.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE

8