Eastern District of Kentucky
FILED
JAN 10 2007
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 05-183-GWU

GERI BENNETT,            PLAINTIFF,

VS:        <u>MEMORANDUM OPINION</u>

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT,

\* \* \* \* \* \* \* \* \* \*

Geri Bennett filed a motion for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. The plaintiff seeks an award of $3,587.50, calculated at a rate of $125.00 per hour for a itemized 28.7 hours of work performed on this claim. The motion has been opposed by the defendant. For the reasons set forth herein, the claimant's motion shall be denied.

Bennett originally filed a civil action in federal district court to seek review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). In an Memorandum Opinion dated February 23, 2006, the undersigned reversed the decision and remanded the action to the Commissioner for further consideration because the ALJ failed to deal properly with the opinion of Dr. Tun Nyunt, a treating source.

The ALJ rejected Dr. Nyunt's opinion because he did not believe that it was well-supported by objective medical data. (Tr. 15-16). Bennett asserted on

1

her appeal to federal district court that the administrative regulations at 20 C.F.R. Section 404.1512(e)(1) imposed, as part of the Administrative Law Judge's obligation to fully develop the record, a duty to recontact the treating physician to seek additional evidence or clarification if his opinion were deemed inadequate.

The case law in this area was very limited. The Court ultimately found the reasoning of the Sixth Circuit Court of Appeals, at least persuasive if not binding, in the unpublished opinion of Littlepage v. Chater, 1998 U.S. App. Lexis 688 (6th Cir. January 14, 1998). In this action, the Sixth Circuit indicated that the recontact duty would be triggered only if it was apparent from the record that all of the treatment notes and information upon which the physician relied were not in the record before the ALJ. In the present action, Dr. Nyunt indicated that, in formulating his opinion, he had relied upon information from a Dr. Pat Doncaster. (Tr. 117). Dr. Doncaster's treatment records were not in the record before the ALJ. Thus, under these circumstances, the Court found that the recontact duty imposed by Section 404.1512(e)(1) had been triggered in this case, and, so, a remand of the action for further consideration was required.

EAJA provides that a prevailing party is entitled to recover attorney's fees "unless the Court finds that the position of the United States was substantially justified or that **special circumstances make an award unjust.**" 28 U.S.C. Section 21412(d)(1)(A) (emphasis added). In the present action, the defendant concedes that its position was not substantially justified. However, the defendant asserts that special circumstances make an award unjust.

The Court agrees with the defendant's argument that special circumstances make an award of EAJA fees unjust in this case. The defendant notes that in general, the administrative regulations provide that a claimant has the burden of producing medical evidence sufficient to prove her claim. 20

2

C.F.R. Section 404.1512(a). While the circumstances of this case triggered a duty on the part of the ALJ to recontact Dr. Nyunt, the plaintiff still carried this burden. The plaintiff's representative did not submit Dr. Doncaster's records to the ALJ, the Appeals Council or even to the Court. In essence, both parties had a duty which they failed to carry and, so, equitable principles would make an award of EAJA fees unjust in this situation. The defendant notes that the Eastern District Court of New York in the case of Bryant v. Apfel, 37 F.Supp. 2d 210 (E.D. N.Y. 1999) found this reasoning persuasive. Bryant involved an EAJA claim after the Court had found that the ALJ failed in his duty to fully develop the record of a pro se defendant who later came to be represented by counsel. Bryant, 37 F.Supp. at 213. The Eastern District of New York noted that the ALJ's failure to fully develop the record could have been and was not rectified by the claimant's counsel, and, so, an EAJA award was not justified. Bryant, 37 F.Supp. 2d at 214. Therefore, the Court will deny Bennett's motion for attorney fees.

This the ___10___ day of January, 2007.

G. WIX UNTHANK
SENIOR JUDGE